LoeiNG, J.,
dissenting:
I think the purpose of the third section of the Act 3d March, 1805, chap. 81, was to increase the commutation price of rations for all officers of the army whosejpay and emoluments were not above a colonel’s.
By the acts of 1803, chap. S3, and 1865, chap. 79, the former law was changed, and it was enacted that brevet rank should not entitle officers to additional pay and emoluments. Under these acts, and from their date, brevet brigadier generals, though serving as generals, had but the pay and emoluments of their lineal rank, which could not be above a colonel’s; and therefore the third section of the act of 1865, chap. 81, expressly included them, and thus impliedly excluded brigadier generals who had the pay and emoluments of generals.
The fourth section of the Act 3cl March, 1865, chap. 81, relates to the mustering out of volunteers at the close of the war; then regimental officers, generals by brevet, would be (save in exceptional cases) mustered out with their regiments, and therefore in their rank in them, and so would receive the three months’ pay provided for by the section for regimental officers. Both sections, therefore, draw the line of their bounties so as to include colonels, with or without brevets of brigadier generals.
The argument for the claimant was,rested by his counsel on the word “rank” in the third section; and he contended that a brigadier general was not “ above the rank of a brevet brigadier general.” This is true, as the word 11 rank7' is used in the •Articles of War, where its use gives it a technical meaning, signifying the relation of one grade of officers, or of one officer, to another. But it cannot be so construed in the third section, because brevet brigadier generals have no rank peculiar to them, and distinguishing them from brigadier generals. And there is no such technical rank as that of brevet brigadier general in our army. Yet the statute applies the word “rank7’ to *22 brevet brigadier generals, and we must apply it to them in some sense of the word which- will make the statute application of it to them efficient. Now, the dictionary defines the word “rank” as “a class or order,” and that is its popular or common meaning. And brevet brigadier generals form a class of officers by themselves, and distinct from brigadier generals, in title and substance. And I think the word “ramie” is to be construed as “class,” so as to give effect to the word brevet, which the statute uses, and the court cannot exclude, and which would be excluded by holding a brigadier general to be within the statute provision.
Rules of construction form a system in which they qualify each other, and the rule that words must be taken in their technical meaning cannot be used to oust other words altogether from the context. And where words have both a technical and popular meaning, that is to be adopted in the construction of a will or statute which is most consonant with its purpose, as shown by other words. And here I think the specification of “brevet brigadier generals” shows the purpose of including that class of general officers and no other, and so I construe the word “ rank” as “ class.”
The difference in substance between a brigadier general and a brevet brigadier general is that the former are generals absolutely, and in all conditions and circumstances, while the latter are generals only qualifiedly and in certain conditions and circumstances. And in this way the former as a class of officers are in fact and in popular understanding superior to or “above” the latter as a class.
For these reasons I think the petitioner cannot recover on his first claim. And I-concur in the opinion of the court, that his second claim is barred by the statute of limitations. On the whole case, X think the-defendants are entitled to judgment.